621 A.2d 544

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, PLAINTIFF–APPELLANT, v. CHARLES PHILLIPS, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 17, 1993—Decided March 15, 1993.

Before Judges ANTELL, SKILLMAN and VILLANUEVA.

*David W. Burns* argued the cause for appellant (*Needell & McGlone*, attorneys; *Mr. Burns*, on the brief).

*John A. Klamo* argued the cause for respondent.

The opinion of the court was delivered by

ANTELL, P.J.A.D.

On October 15, 1991, defendant was the driver and owner of a motor vehicle involved in a collision with a commercial vehicle owned by Mechanics Auto Parts, Inc., and insured by plaintiff. At the time of the accident, defendant was covered under his own automobile insurance policy for personal injury protection ("PIP") in accordance with *N.J.S.A.* 39:6A–4. Since the date of the accident, defendant has been receiving extensive medical treatments paid for by his PIP carrier.

On February 11, 1992, plaintiff asked defendant to submit to a mental and physical examination so that plaintiff might evaluate the nature and severity of his injuries. That request was refused. Accordingly, on February 13, 1992, plaintiff filed in the Law Division a verified petition and notice of motion to compel defendant's medical examination. The authority of the court to resolve such a dispute is set forth in *N.J.S.A.* 39:6A–13g. That application was denied by order dated March 9, 1992, and plaintiff now appeals.

Plaintiff contends that its right to an examination is established by the following language of *N.J.S.A.* 39:6A–13d:

Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection benefits, such person shall, *upon request of an insurer* or the Unsatisfied Claim and Judgment Fund submit to mental or physical examination by a physician or physicians. [Emphasis ours]

Plaintiff maintains that because the automobile it insured was a commercial vehicle, and therefore not required to maintain personal injury protection or medical expense benefits coverage (see *N.J.S.A.* 39:6A–2a, 4), defendant's PIP carrier was entitled, under *N.J.S.A.* 39:6A–9.1, to assert a claim against plaintiff's insured for all PIP and medical expense benefits paid on defendant's behalf. Thus, plaintiff urges that its entitlement to an examination is determined by its status under *N.J.S.A.* 39:6A–13d as "an insurer" against which there may be made a "claim ... for past or future personal injury protection benefits."

We conclude that the term "insurer," as used in *N.J.S.A.* 39:6A–13d, refers only to an insurer that has been or may be called upon to pay PIP benefits or medical expense benefits directly to an injured party. The fact that plaintiff, as the insurer of a tortfeasor, may ultimately be found answerable under *N.J.S.A.* 39:6A–9.1 to a PIP carrier for the cost of benefits, does not entitle it to the medical examination it now seeks. To accept plaintiff's reading of the statute would entitle any insurer to a mental or physical examination of an injured party so long as it perceives a possibility of being adjudicated responsible to reimburse another insurer for the cost of PIP benefits. This was not the legislative intent.

If the Legislature had not intended to limit the right of examination to PIP carriers, there is no sound reason to explain why it should make an exception only as to insurers. Logic dictates that if the right to examination were not to be confined to PIP carriers only, it would be extended to all other interested entities against which an automobile liability claim might be made, not just to insurers.

Our conclusion that the term "insurer" was used in the statute to mean PIP carriers only is supported by the fact that, although the word "insurer" is used in paragraph d of *N.J.S.A.* 39:6A–13 without a modifier, when used throughout the entire text of that section, "insurer" is unmistakably intended to mean

the insurer providing personal injury protection benefits. The general rule is that a word or phrase should have the same meaning throughout a statute in the absence of a clear indication to the contrary. *Perez v. Pantasote, Inc.,* 95 *N.J.* 105, 116, 469 *A.*2d 22 (1984).

Plaintiff is in no different a position than any other entity that has been involved in an accident. It must wait until a claim is asserted against it before discovery becomes available.

Affirmed.